UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:18-cv-80688-ROSENBERG/REINHART

Brian Israelson, individually and on behalf of all others similarly situated,

        Plaintiff,

vs.

Enhanced Recovery Company d/b/a ERC and John Does 1-25,

        Defendant.

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant Enhanced Recovery Company, LLC ("Defendant") answers Plaintiff's Complaint as follows:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Answering paragraph 1 of the Complaint, the allegation is a legal conclusion, and therefore, Defendant is not required to respond.

2. Answering paragraph 2 of the Complaint, the allegation is a legal conclusion, and therefore, Defendant is not required to respond.

### JURISDICTION AND VENUE

3. Answering paragraph 3 of the Complaint, the allegation that this Court has jurisdiction is a legal conclusion, and therefore, Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations contained in paragraph 3.

4.      Answering paragraph 4 of the Complaint, the allegation that venue is proper is a legal conclusion, and therefore, Defendant is not required to respond.  To the extent a response is required, Defendant denies the allegations contained in paragraph 4.

## **NATURE OF THE ACTION**

5.      Answering paragraph 5 of the Complaint, Defendant admits that Plaintiff has brought this class action on behalf of a class of Florida consumers, but denies it violated any section of 15 U.S.C. § 1692, et seq.

6.      Answering paragraph 6 of the Complaint, Defendant admits that Plaintiff is seeking damages and declaratory relief, but denies that Plaintiff is entitled to the requested relief.

## **PARTIES**

7.      Answering paragraph 7 of the Complaint, Defendant lacks sufficient information and belief on which to either admit or deny the allegations and on that basis denies each and every allegation contained therein.

8.      Answering paragraph 8 of the Complaint, Defendant admits the allegations contained therein.

9.      Answering paragraph 9 of the Complaint, Defendant admits the allegations contained therein.

10.     Answering paragraph 10 of the Complaint, Defendant lacks sufficient information and belief on which to either admit or deny the allegations and on that basis denies each and every allegation contained therein.

11.     Answering paragraph 11 of the Complaint, Defendant admits that Plaintiff has brought this action on behalf of a class, but denies that a class should be certified.

12.     Answering paragraph 12 of the Complaint, Defendant admits that Plaintiff has brought this action on behalf of a class, but denies that a class should be certified.

13. Answering paragraph 13 of the Complaint, Defendant lacks sufficient information and belief on which to either admit or deny the allegations and on that basis denies each and every allegation contained therein.

14. Answering paragraph 14 of the Complaint, Defendant lacks sufficient information and belief on which to either admit or deny the allegations and on that basis denies each and every allegation contained therein.

15. Answering paragraph 15 of the Complaint, Defendant denies each and every allegation contained therein.

16. Answering paragraph 16 of the Complaint, Defendant denies each and every allegation contained therein.

17. Answering paragraph 17 of the Complaint, Defendant denies each and every allegation contained therein.

18. Answering paragraph 18 of the Complaint, Defendant denies each and every allegation contained therein.

19. Answering paragraph 19 of the Complaint, Defendant lacks sufficient information and belief on which to either admit or deny the allegations and on that basis denies each and every allegation contained therein.

## **FACTUAL ALLEGATIONS**

20. Defendant incorporates its responses to paragraphs 1 through 19 as though fully set forth herein.

21. Answering paragraph 21 of the Complaint, Defendant lacks sufficient information and belief on which to either admit or deny the allegations and on that basis denies each and every allegation contained therein.

22. Answering paragraph 22 of the Complaint, Defendant lacks sufficient information and belief on which to either admit or deny the allegations and on that basis denies each and every allegation contained therein.

23. Answering paragraph 23 of the Complaint, Defendant lacks sufficient information and belief on which to either admit or deny the allegations and on that basis denies each and every allegation contained therein.

24. Answering paragraph 24 of the Complaint, Defendant lacks sufficient information and belief on which to either admit or deny the allegations and on that basis denies each and every allegation contained therein.

25. Answering paragraph 25 of the Complaint, Defendant lacks sufficient information and belief on which to either admit or deny the allegations and on that basis denies each and every allegation contained therein.

26. Answering paragraph 26 of the Complaint, Defendant admits the allegations contained therein.  Defendant lacks sufficient information and belief on which to either admit or deny the allegations as to Plaintiff's debt or the debts of the putative class and on that basis denies the allegation as to Plaintiff and the putative class.

27. Answering paragraph 27 of the Complaint, Defendant admits the allegations contained therein.

28. Answering paragraph 28 of the Complaint, Defendant denies each and every allegation contained therein.

29. Answering paragraph 29 of the Complaint, Exhibit A speaks for itself.

30. Answering paragraph 30 of the Complaint, the allegation is a legal conclusion, and therefore, Defendant is not required to respond.

4824-8305-3934

31. Answering paragraph 31 of the Complaint, the allegation is a legal conclusion, and therefore, Defendant is not required to respond.

32. Answering paragraph 32 of the Complaint, Defendant denies each and every allegation contained therein.

33. Answering paragraph 33 of the Complaint, Defendant denies each and every allegation contained therein.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq*.

34. Defendant incorporates its responses to paragraphs 1 through 33 as though fully set forth herein.

35. Answering paragraph 35 of the Complaint, Defendant denies each and every allegation contained therein.

36. Answering paragraph 36 of the Complaint, the allegation is a legal conclusion, and therefore, Defendant is not required to respond.

37. Answering paragraph 37 of the Complaint, Defendant denies each and every allegation contained therein.

38. Answering paragraph 38 of the Complaint, Defendant denies each and every allegation contained therein.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f, *et seq.*

39. Defendant incorporates its responses to paragraphs 1 through 38 as though fully set forth herein.

4824-8305-3934

40. Answering paragraph 40 of the Complaint, Defendant denies each and every allegation contained therein.

41. Answering paragraph 41 of the Complaint, the allegation is a legal conclusion, and therefore, Defendant is not required to respond.

42. Answering paragraph 42 of the Complaint, Defendant denies each and every allegation contained therein.

43. Answering paragraph 43 of the Complaint, Defendant denies each and every allegation contained therein.

## DEMAND FOR TRIAL BY JURY

44. Answering paragraph 44 of the Complaint, Defendant notes that the paragraph does not contain any allegations.

## PRAYER FOR RELIEF

45. Defendant denies Plaintiff and the putative class are entitled to the requested relief or any other relief.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

46. Plaintiff's claim for damages against Defendant must be dismissed because Plaintiff fails to state a claim for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

47. Defendant alleges that at all times mentioned in the Complaint, Defendant acted lawfully and within its legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of a legitimate business purpose.  Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of the Defendant were justified under the circumstances based on information reasonably available to Defendant.

### THIRD AFFIRMATIVE DEFENSE

48. Assuming Plaintiff suffered any damages, which Defendant denies, Plaintiff has failed to mitigate his alleged damages or take other reasonable steps to avoid or reduce his alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

49. Plaintiff lacks Article III standing to sue and as such, this Court lacks jurisdiction to decide Plaintiff's claims.

### FIFTH AFFIRMATIVE DEFENSE

50. Defendant is not liable for any violation, even if one occurred, because the violation was not intentional, and if any violation occurred, it resulted from a bona fide error notwithstanding Defendant's maintenance of procedures reasonably adapted to avoid any such error.

51. Defendant reserves the right to assert additional affirmative defenses as discovery warrants.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for the following relief:

1. That Plaintiff takes nothing by way of the Complaint on file herein;

2. That Judgment is entered in favor of Defendant and that Plaintiff's Complaint be dismissed, with prejudice;

3. That Defendant be awarded all of its recoverable attorneys' fees and costs incurred herein in defense of Plaintiff's Complaint; and

4824-8305-3934

4.	For such other and further relief as the Court may deem just and proper in the premises.

Respectfully submitted this 26th day of July, 2018.

>	*s/ Kevin M. Vannatta*
>	KEVIN M. VANNATTA, ESQ.
>	Lewis Brisbois Bisgaard & Smith LLP
>	*Attorneys for Defendant Enhanced Recovery Company*
>	110 SE 6th Street, Suite 2600
>	Fort Lauderdale, FL 33301
>	Telephone:	954.728.1280
>	Facsimile:	954.728.1282
>	Florida Bar Number: 872946

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 26th day of July, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>	*s/ Kevin M. Vannatta*
>	KEVIN M. VANNATTA, ESQ.
>	Lewis Brisbois Bisgaard & Smith LLP
>	*Attorneys for Defendant Enhanced Recovery Company*
>	110 SE 6th Street, Suite 2600
>	Fort Lauderdale, FL 33301
>	Telephone:	954.728.1280
>	Facsimile:	954.728.1282
>	Florida Bar Number: 872946

CASE NO. 9:18-cv-80688-RLR

## SERVICE LIST

Justin E. Zeig, Esq.
Zeig Law Firm, LLC
*Attorneys for Plaintiff*
3475 Sheridan Street
Suite 310
Hollywood, FL 33021
E-Service:	Justin@zeiglawfirm.com

4824-8305-3934